# IN THE COURT OF APPEALS OF IOWA

No. 17-0961
Filed September 13, 2017

**IN THE INTEREST OF P.G.,**
**Minor Child,**

**G.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2016. She does not challenge the grounds for termination cited by the juvenile court. She contends "[t]he Juvenile Court erred in terminating [her] parental rights when [she] had lower mental functioning necessitating additional time to benefit from services and the child was in the custody of her relative."

The mother's challenge implicates two statutory provisions: (1) Iowa Code section 232.104(2)(b) (2017), which allows a court to grant a parent additional time to reunify with a child, and (2) Iowa Code section 232.116(3)(a), which allows a court to deny the termination petition if a child is placed with a relative. "We review a request for additional time for an abuse of discretion and will reverse only if injustice will result from a denial." *In re K.S.*, No. 09-0052, 2009 WL 607564, at *3 (Iowa Ct. App. Mar. 11, 2009). Similarly, the factors contained in section 232.116(3) "are permissive" and a court may use its discretion in applying them. *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016).

The mother has a longstanding addiction to crack cocaine and a history of violent relationships with men. Her two oldest children were transferred to the care of relatives. The mother testified her rights to those children were terminated by the Illinois counterpart to the Iowa Department of Human Services.[1]

The Iowa department intervened in 2013 following the birth of her third child. The department facilitated the mother's admission to a clinically managed

---

[1] When the mother underwent a psychological evaluation two months before the termination hearing, she denied human services involvement with her oldest two children but later indicated the agency may have been involved.

high-intensity residential treatment program. The mother remained in the program for twenty months. On her discharge, the mother's primary counselor recommended that she continue with mental health services and pursue "outpatient substance abuse treatment to allow support during her transition back into the community." Within four months, the department lost contact with the mother. Her parental rights to her third child were terminated.

After the birth of her fourth child—the child that is the subject of this appeal—the mother consented to the child's temporary removal from her custody and stipulated to the child's continued removal and adjudication as a child in need of assistance. The child was eventually placed with the mother's sister, where she remained through the termination hearing.

Although the mother participated in reunification services, including individual therapy and visits with her child, she was known to have relapsed twice after the case involving her fourth child was opened. Based on these relapses, the department transitioned the mother from semi-supervised visits to supervised visits with her child. The case proceeded to termination.

At the termination hearing, the mother testified she had been using crack cocaine twice a week over the previous year. When asked if her substance abuse had increased or decreased during that time period, she responded that it "[i]ncreased." While she stated she could still safely parent her child, a department employee testified otherwise. He noted that she had "a full plate of her own issues just in her day-to-day life," including "her addictions and her mental health," and he opined, "I just don't see that she could, you know, have [the child] in her custody anytime soon."

The mother suggests she should have been granted additional time to reunify based on her documented low IQ. But the primary concern precipitating termination of her parental rights to the fourth child was not the mother's low IQ but her continued substance abuse. The department had already furnished years of reunification services to address this concern, to no avail. As the department employee reported, "The parental protective concerns that existed at the time of removal continue to be of concern and no additional amount of services is likely to change the outcome at this time."

Based on this record, we conclude the juvenile court acted appropriately in declining to grant the mother additional time to reunify with the child. We further conclude the juvenile court acted appropriately in declining to invoke the "relative" exception to termination. As the juvenile court stated, "Although [the mother] has made some progress, [she], after fourteen months of services with this child and two years with her prior child, remains mired in the early stages of developing the skills she needs to permanently lift her up out of the morass of drug addiction and dangerous relationships."[2]

We affirm the termination of the mother's parental rights to her fourth child.

**AFFIRMED.**

---

[2] If the mother makes progress in these areas, her sister testified she would be willing to permit contact with the child.